UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN THE MATTER OF: )      Case No:  B-1080670 C-13D
**MELISSA R. HENDERSON,** )
                         )
         Debtor(s)       )
_____)

OBJECTION BY STANDING TRUSTEE TO CONFIRMATION OF PLAN

NOW COMES Richard M. Hutson, II, Standing Trustee ("Trustee") and respectfully objects to confirmation of the Debtor's plan pursuant to 11 U.S.C. §1325(b) and shows unto the Court the following:

1. The Debtor filed a petition under Title 11 of the United States Code, Chapter 13, on April 16, 2010, in the United States Bankruptcy Court for the Middle District of North Carolina.

2. On April 16, 2010, Richard M. Hutson, II, was appointed as Trustee.

3. This Court has proper and personal jurisdiction of the subject matter hereof and over the parties pursuant to 28 U.S.C. §§151, 157 and 1334, and the Standing Order entered by the United States District Court for the Middle District of North Carolina and this is a core proceeding within 28 U.S.C. §157(b).

4. The petition filed by the Debtor proposes a monthly plan payment of $2,255.00 for a period of 60 months.  The return to general unsecured creditors is proposed at zero percent (0%).  The Debtor lists unsecured debt of approximately $194,794.97 in Schedule "F" consisting of foreclosure deficiencies, student loans and credit cards.

5. The Debtor has filed with the petition a Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income, known as Official Form B22C ("Form B22C").  The Debtor lists current monthly income ("CMI") in Form B22C of approximately $5,600.63.

6. The applicable commitment period in this case is sixty months.  11 U.S.C. §1325(b)(4).

7. In Schedule "I", the Debtor lists income from real property of $575.00 per month. The Debtor testified at the meeting of creditors that this rental income

commenced in November of 2009.  There is no reference to rental income in Form B22C.

8. The Trustee objects to confirmation of the Debtor's plan in that the Debtor is not devoting all of her projected disposable income to fund the plan pursuant to 11 U.S.C. §1325(b).  The United States Supreme Court, in <u>Hamilton v. Lanning</u>, Slip Opinion No. 08-998 (June 7, 2010), held that when a bankruptcy court calculates a debtor's projected disposable income, the court may account for changes in the debtor's income or expenses that are known or virtually certain at the time of confirmation.  <u>Lanning</u> at 18.  The Debtor in this case now receives income from real property in the amount of $575.00 per month.  When added to the income listed in Form B22C, the Debtor has projected disposable income of approximately $516.47 per month.

WHEREFORE, the Trustee prays the Court for an Order as follows:

1. That the Debtor's plan not be confirmed in that the plan does not comply with the provisions of the Bankruptcy Code, specifically 11 U.S.C. §1325(b),  and the case be dismissed for cause pursuant to 11 U.S.C. §1307;

2. Alternatively, that the Debtor's plan be modified to provide for payment of $30,988.00 to general unsecured claims; or

3. For such other and further relief as the Court may deem just or proper.

This the 30th day of June, 2010.

                                                            s/Benjamin E. Lovell
                                                            Benjamin E. Lovell
                                                            Attorney for the Trustee
                                                            State Bar No:  23266
                                                            P.O. Box 3613
                                                            Durham, N.C.  27702
                                                            Telephone:  (919) 688-8065

## CERTIFICATE OF SERVICE

  This is to certify that I have this day served a copy of the foregoing document upon John T. Orcutt, Esq., 6616-203 Six Forks Rd., Raleigh, NC 27615, Melissa Henderson, 3004 University Dr., Durham, NC 27707, and Michael D. West, Esq., U.S. Bankruptcy Administrator, PO Box 1828, Greensboro, NC 27402 by depositing a copy of same in the United States Mail, postage prepaid, and in the manner prescribed by Rule 5 of the Federal Rules of Civil Procedure.

  This 30th of June, 2010.

                s/Benjamin E. Lovell
                Benjamin E. Lovell, Esq.
                Attorney for the Standing Trustee